# LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* WESTERN UNION TELEGRAPH COMPANY.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 183. Argued March 9, 1915.—Decided April 12, 1915.

Where the jurisdiction of the District Court to which the case is removed from the state court depends entirely upon diverse citizenship, the judgment of the Circuit Court of Appeals is final under § 128, Jud. Code.

Where the foundation of the right claimed is a state law, the suit to assert it arises under that law, none the less because it has attached a condition that only Federal legislature can fulfil; such a case is not one arising under the law of the United States, under § 24, Jud. Code.

Where a proceeding brought by a telegraph company, permitted to operate within the State, against a railroad company, to acquire rights by judgment expropriation which is based on the state statute, is removed to the District Court on account of diverse citizenship,

the case is not one arising under the laws of the United States simply because the telegraph company in its bill alleged that it had accepted the provisions of the Federal Post Road and Telegraph Act of July 4, 1866.

Writ of error to review, 203 Fed. Rep. 1022, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the Circuit Court of Appeals and the finality of such judgments under § 128, Judicial Code, are stated in the opinion.

*Mr. Victor Leovy* and *Mr. John G. Johnson,* with whom *Mr. Henry L. Stone* and *Mr. George Denegre* were on the brief, for plaintiff in error.

*Mr. Rush Taggart,* with whom *Mr. Charles P. Fenner* and *Mr. George H. Fearons* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the Telegraph Company, originally in a state court, to acquire 'the right of use for a telegraph line over the right of way, bridges and property' of the Railroad Company, subject to the Railroad's dominant right, by 'judgment expropriation.' By an amendment filed on May 21, 1912, the Telegraph Company alleged that it had accepted the provisions of the Act of Congress of July 24, 1866 (c. 230; 14 Stat. 221; see Rev. Sts., §§ 5263, *et seq.*); but did not disclose the purpose of the allegation. The case was removed to the District Court of the United States on June 17, 1912. There was a trial, a condemnation of the right to the plaintiff upon payment of a sum fixed by verdict, and a judgment, subject to exceptions, which was affirmed without an opinion by the Circuit Court of Appeals. This statement is sufficient, or nearly so, to show that there is a question as to the jurisdiction of this court.

If the jurisdiction below was dependent entirely upon the opposite parties being citizens of different States—the Telegraph Company of New York, the Railroad of Kentucky—this writ of error must be dismissed under § 128 of the Judicial Code. Act of March 3, 1911, c. 231, 36 Stat. 1087. The only basis for any other ground of jurisdiction is the unexplained averment of acceptance of the Act of 1866. The question is whether that averment discloses such a ground.

The jurisdiction to be exercised was to expropriate by judgment. But it was well known to the Telegraph Company from a series of decisions to which it was party that the Act of 1866 was merely permissive and gave no power to exercise eminent domain. The latest decision, repeating many earlier ones, was rendered a month and a half before this amendment was filed. *West. Un. Tel. Co.* v. *Richmond,* 224 U. S. 160. There was not even color of jurisdiction on the ground that the taking was by force of the Act of 1866. *West. Un. Tel. Co.* v. *Ann Arbor R. R.,* 178 U. S. 239.

The only other that occurs to us is that, under the statutes of Louisiana as construed, the Telegraph Company could not maintain this suit if, by the law creating it, it was prohibited from operating in Louisiana, and that the power given by the Act of 1866 excluded such a prohibition and brought the Company within the benefit of the Louisiana expropriation statute. As we have said, the purpose of the allegation is not explained, and the plaintiff did not admit the necessity of resorting to laws other than those of New York for its powers. But supposing without implying that the Statute of 1866 had to be relied upon to bring the Telegraph Company within the Louisiana Act and would have that effect, still it would not be a ground of jurisdiction. If the jurisdiction of the United States court does not depend entirely upon diversity of citizenship it is because the suit arises under the laws of the

United States. Judicial Code, § 24. But when, as here, the foundation of the right claimed is a state law, the suit to assert it arises under the state law none the less that the state law has attached a condition that only alien legislation can fulfil. The state law is the sole determinant of the conditions supposed, and its reference elsewhere for their fulfilment is like the reference to a document that it adopts and makes part of itself. The suit is not maintained by virtue of the Act of Congress but by virtue of the Louisiana statute that allows itself to be satisfied by that Act. See *Interstate Street Ry.* v. *Massachusetts,* 207 U. S. 79, 84.

*Writ of error dismissed.*

MR. JUSTICE MCKENNA and MR. JUSTICE LAMAR dissent.