240 U.S. 634
 38 S.Ct. 414
 246 U.S. 634
 62 L.Ed. 912
 E. H. EMERY & CO.
v.
AMERICAN REFRIGERATOR TRANSIT CO.
 No. 739.
 Argued and Submitted April 19, 1918.
 Decided April 29, 1918.
 
 Mr. C. W. Whitmore, of Ottumwa, Iowa, for appellant.
 Mr. Fred. W. Lehmann, Jr., of Des Moines, Iowa, for appellee.
 Mr. Justice HOLMES delivered the opinion of the Court.
 
 
 1
 The plaintiff, the appellant, brought a suit in a State Court against the Chicago, Burlington & Quincy Railroad Company and the appellee. The original petition sought to charge both, as common carriers, under the Interstate Commerce Acts for damage to peaches caused by their being improperly stowed, handled and iced, amounting to less than $3,000. After a trial a judgment was entered for the railroad and it was held that under the Iowa Statutes the present appellee was entitled to be dismissed, as sued in the wrong county. Thereupon the plaintiff issued a garnshee process against the railroad as a debtor of the appellee, upon which the railroad made default. Then the appellee was dismissed 'as to the personal action but not as to said proceeding in rem,' and a time was allowed for the filing of a petition by the appellant. A petition calling itself 'Substituted Petition' was filed on October 16, 1916, and a few days later in the same month a petition for removal to the District Court of the United States was presented, which was gran ed by the State Court. A motion to remand was made and denied. The plaintiff stood upon its motion and declined to proceed farther, denying the jurisdiction of the Court, whereupon the petition was dismissed, judgment was entered for the defendant, an appeal was taken and it was certified that the appeal was taken solely upon the jurisdiction of the Court.
 
 
 2
 We are content to assume without deciding that the case, whether a new action or not, had become removable if the difficulties to be mentioned can be overcome. On this assumption the jurisdiction is maintained on the argument that the plaintiff seeks to impose liability upon the defendant through the provisions of the Interstate Commerce Act, the governing tariffs and an interstate bill of lading issued by the Missouri, Kansas & Texas Railway Company of Texas. The amendment to the Judicial Code, § 28, by the Act of January 20, 1914, c. 11, 38 Stat. 278, prohibiting the removal from state courts of suits, under section 20 of the Act to Regulate Commerce, against common carriers for injury to property, where the matter in controversy does not exceed $3,000, is met by the fact that the substituted petition does not charge the defendant as a common carrier, and both parties now agree that it was not one. Hence, it is said, the suit can be removed irrespective of the amount involved. It becomes necessary therefore to inquire in what way the defendant is supposed to be liable under the Acts of Congress. The substituted petition relies upon a contract between the defendant and the Missouri, Kansas & Texas road by which the former assumed liability for the damages of the kind alleged, or some of them, and the fact that the railroad was a party to the bills of lading and the governing interstate tariffs, although the appellee was not. It also relies upon an alleged contract between it and the defendant for the cars involved and an implied undertaking for proper care and service. This last ground and other similar ones may be laid on one side as they clearly are outside the scope of the statutes concerned. So may a count alleging a partnership with the Missouri, Kansas & Texas in these transactions, as that would mean that the defendant became a common carrier pro hac vice and so within the above amendment to the Judicial Code.
 
 
 3
 The chief if not the only way in which the Acts of Congress are brought in so as to give color to the attempt to remove is through the subjection of the Missouri, Kansas & Texas to those acts. But that affects the defendant only by virtue of a contract between it and road. If in some way unexplained a stranger to the contract is entitled to profit by it, the foundation is the contract, not the laws which fixed the liability of the railroad that the defendant assumed. The laws did not operate upon the defendant by their own force but merely as a measure of the damages agreed to be paid. To follow the language of a somewhat different case, the contract 'is the sole determinant of the conditions supposed, and its reference elsewhere for their fulfillment is like the reference to a document that it adopts and makes part of itself.' Louisville & Nashville R. R. Co. v. Western Union Telegraph Co., 237 U. S. 300, 303, 35 Sup. Ct. 598, 59 L. Ed. 965.
 
 
 4
 One count alleges that the defendant caused the damage as agent for the Missouri, Kansas & Texas road by furnishing cars with insufficient tanks, employing inexperienced men and defectively stowing and failing to ice the peaches, and that these acts 'constituted misfeasance on the part of defendant of the duties it owed to its principal the Missouri, Kansas & Texas Railway Company of Texas, and to the public at large.' If this is not disposed of by what we have said, then it states no duty under the Act to Regulate Commerce, but only one at common law. In no aspect can it be maintained that any count attempts to allege a primary liability of the defendant under the Act to Regulate Commerce otherwise than as carrier and if sued as a carrie it cannot remove because the amount in controversy is too small.
 
 
 5
 Judgment reversed.