**ALGONQUIN GAS TRANSMISSION CO.
v. GREGORY.**

**Civ. No. 3798.**

**United States District Court
D. Connecticut.**

**June 2, 1952.**

James W. Carpenter, Hartford, Conn., for plaintiff.

Leonard McMahon, Danbury, Conn., for defendant.

HINCKS, Chief Judge.

This is one of fifteen condemnation cases, brought originally to the Superior Court for Fairfield County whence they were removed to this court by the defendants. The cases are now before the court on plaintiff's motion to remand.

The removals were made under 28 U.S. C.A. § 1441(a) and (b) which provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Condemnation proceedings are "civil actions" within the meaning of the removal statute. Madisonville Traction Co. v. Saint Bernard Mining Co., 1905, 196 U. S. 239, 25 S.Ct. 251, 49 L.Ed. 462. Here, however, the defendant is a citizen of Connecticut. Hence, the case was removable under subsection (b) of Sec. 1441 only if it was a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States".

It is the defendant's contention that the removal was proper because (1) the action sought to enforce a "right arising under the law of the United States", and (2) the action is one of which this court would have had original jurisdiction under the Federal Natural Gas Act of 1938, as amended. Public Law 668 of June 21, 1938, c. 556, 52 Stat. 821, et seq., 15 U.S.C.A. § 717. The plaintiff, on the other hand, argues that the action should be viewed not as one arising under the laws of the United States but solely as one brought under the Connecticut Act concerning Natural Gas Pipe Line Companies. 1951 Supp. to Conn.Stat. (1949 Rev.) Secs. 1072b–1089b. Each act thus cited by the parties, respectively, provides that under certain circumstances a company possessing a federal certificate of public convenience and necessity issued under the Natural Gas Act of 1938 may bring an action to condemn property needed for its gas transmission facilities, provided

it and the owners of the property are unable to agree on a grant of easement. 15 U.S. C.A. § 717 f(h); 1951 Supp. to Conn.Stat. (1949 Rev.) Sec. 1075b. The federal act provides that actions may be brought under it to condemn property either in the "district court of the United States for the district in which such property may be located, or in the State courts." 15 U.S. C.A. § 717f(h).

The complaint originally filed by the plaintiff, although obviously intended to invoke the state statute only, is fully adequate to state a cause of action under both the federal and state acts. It alleges, in part, that the plaintiff holds a certificate of public convenience and necessity issued under the Federal Natural Gas Act authorizing the construction of a natural gas pipe line within Connecticut; that an easement over property owned by the defendant is necessary to such pipe line; and that it and the defendant have been unable to agree on the damages which will result from its taking of such an easement. So far as appears from the complaint, there is no dispute between the parties as to the construction of the Natural Gas Act. The only dispute disclosed in the complaint is one of fact, viz., the value of the easement which the plaintiff seeks. And the principal dispute for purposes of this motion is whether, as the defendant contends, this action is one founded on a right "arising" under federal law within the meaning of the Removal Act.

The only rights involved in this case which conceivably could be viewed as founded under federal law are (a) a right of condemnation under the Federal Natural Gas Act, and (b) the plaintiff's alleged ownership of a certificate of public convenience and necessity issued to it by the Federal Power Commission under the Federal Natural Gas Act.

 (a) This action cannot be viewed as one founded upon a right of condemnation arising under the Federal Natural Gas Act, because the complaint as an assertion of a right of condemnation is adequate under the State statute: the right of condemnation granted by the Federal Act is not essential to the maintenance of action. It is only when a federal right is an essential element of the action that the right, for purposes of the Removal Act, is deemed to be one *arising from* federal law. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 64 L.Ed. 690; Cf. Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903.

 (b) Nor does the allegation in the complaint of the plaintiff's ownership of the federal certificate of public convenience and necessity have the effect of making the action, for purposes of the Removal Act, one "arising" from federal law. "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205. See also Western Union Tel. Co. v. Ann Arbor R'd Co., 178 U.S. 239, 20 S.Ct. 867, 44 L.Ed. 1052; Louisville & Nashville R. Co. v. Western Union Tel. Co., 237 U.S. 300, 35 S.Ct. 598, 59 L.Ed. 965; Gully v. First National Bank, supra. The case here does not satisfy the test of these cases: the complaint does not show that the plaintiff's rights under its federal certificate are rights which depend upon a disputed construction of the Federal Natural Gas Act or of any other federal statute. And even if such a dispute existed, it is not one the determination of which is within the jurisdiction of this court: under the Federal Natural Gas Act only the appropriate Circuit Court of Appeals has jurisdiction to determine the validity of an order granting such certificate. 15 U.S.C.A. 717r.

 Thus, although this court by virtue of the express grant of jurisdiction in the Federal Natural Gas Act had original jurisdiction to condemn, the provision of the Removal Act, 28 U.S.C.A. 1441(b), that in

non-diversity cases an action may be removed only if founded on a right arising under federal law is a requirement which has not been satisfied from whichever aspect the pertinent federal right be viewed. It follows that the motion to remand must be granted.

The plaintiff seeks costs under 28 U.S.C.A. § 1447(c). The only cost which the plaintiff appears to have sustained by reason of the removal now held to have been erroneous, is its counsel's fee in prosecuting the pending motion. Assuming that the statute cited was effective to make counsel fees an item of taxable costs (which I doubt) I hold that the allowance of such an item is a matter for the discretion of the court. And here, feeling sure that the removal was not made in bad faith but rather through excusable misapprehension as to the law, I think it just to order that the remand shall be without costs.

It is accordingly ordered that the motion to remand be granted, and that the case be remanded to the Superior Court for Fairfield County at Bridgeport, but without costs.