**R. W. SMITH**

v.

**Forrest TEMPLIN et al.**

**No. 2477.**

United States District Court
E. D. Tennessee, Northern Division.
Nov. 19, 1954.

Fred L. Myers, Edw. F. Hurd, Newport, Tenn., for plaintiff.

L. C. Ely, Ely & Ely, Knoxville, Tenn., Arthur Fowler, Loudon, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

The matter before the Court is plaintiff's motion to remand to the Circuit Court of Cocke County, Tennessee.

This is an action for libel commenced in the State court against defendants Templin, Crisp, and Arthur Wilkerson Lumber Company. Plaintiff has alleged that defendant Forrest Templin made defamatory statements against him over Radio Station WLIK at Newport, Tennessee. This station allegedly was owned by Arthur Wilkerson Lumber Company and managed by Ira Crisp. Plaintiff is suing for $50,000, claimed as damages caused him by the alleged defamatory statements.

Diversity of citizenship does not exist.

Defendants removed the case to this Court by petition filed on September 1, 1954, on the ground that a federal question was involved.

Defendants Crisp and Arthur Wilkerson Lumber Company by joint answer assert among other things that plaintiff and Templin were rival candidates for Sheriff of Cocke County; that the radio station operated under a license from the Federal Communications Commission; that under the Federal Communications Commission Act of 1934, 47 U.S.C.A. § 315, the radio station was prohibited from censoring the speech of either candidate, and that it was required to allow both candidates to use its facilities without censorship.

It is defendants' theory that the suit is based on the federal statute just cited. The Court assumes that removal was in reliance on 28 U.S.C. § 1441(b), which reads as follows:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

■ A reading of the declaration filed in the State court shows that the suit is based on Tennessee law relating to libel and slander. It did not *arise* under a law of the United States. If the Federal Communications Act affects plaintiff's cause of action in any manner, it limits the field of recovery. This is quite different from creating or enlarging a right. Because no federal right is affirmatively involved and diversity is lacking, the federal court is without jurisdiction and the cause should not have been removed.

Defendants rely on Weiss v. Los Angeles Broadcasting Co., 9 Cir., 163 F.2d 313, as supporting removal. Plaintiff there charged that the defendant violated a duty owed to her under the Federal Communications Commission Act of 1934, 47 U.S.C.A. § 315. The action, accordingly, was based on alleged violation of a federal right. The action here is based upon violation of a State or common law right.

■ To be removable, the right or claim asserted in the complaint must be federal in character. It must be one arising under federal law. People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903. The defensive involvement of a federal statute, where enforcement of a State right is sought, is not sufficient ground for removal. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. See, Jacobson v. New York, N. H. & H. R. Co., D.C., 109 F.Supp. 513.

■ Defendants object to remand on the ground that plaintiff's motion was not filed within five days after the transcript of the record from the State court was filed here. In support of this contention they rely on Rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C. This rule is inapplicable. Moreover, lack of jurisdiction may be raised by the Court *sua sponte* and is a matter that cannot be waived by the litigants.

An order will be passed to the Clerk remanding this case to the Circuit Court of Cocke County.