**UNITED GAS PIPE LINE COMPANY**
v.
**Edgar W. BROWN, Jr., et al.**
**Civ. A. No. 12313.**

United States District Court
E. D. Louisiana.
June 26, 1962.

pipeline from its Lirette Field in Terrebonne Parish, in Louisiana, to Kosciusko, Mississippi, plaintiff sought to acquire right-of-way from landowners in Terrebonne Parish. Unable to come to terms with defendants herein, plaintiff now seeks to expropriate defendants' interests under plaintiff's power of eminent domain.[1]

Defendants timely filed its first petition to remove to the United States District Court for the Eastern District of Louisiana on the grounds that since United operated under a certificate of convenience and necessity from the Federal Power Commission and since United's sole right of expropriation lay under the Natural Gas Act, supra, there was proper original jurisdiction in the United States District Court for an action arising under the laws of the United States.[2] Plaintiff timely filed a motion to remand on the grounds that there was no substantial federal question such that the United States District Court would have original jurisdiction. After a hearing on the motion to remand, at which testimony was taken, and more than twenty days from defendants' first notice of plaintiff's initial pleading in State Court, defendants filed a Supplemental Petition for Removal asserting that this Court had original diversity jurisdiction coupled with the requisite jurisdictional amount based on facts adduced by plaintiff on cross-examination of defendants' witnesses during the trial of the motion.

Ellender, Wright & Wurzlow, Houma, La., Martin, Himel, Morel & Daly, James H. Martin, New Orleans, La., Hargrove, Guyton & Van Hook, Ray A. Barlow, Shreveport, La., for plaintiff.

Louis Beard, Wells, Duncan & Beard, Beaumont, Tex., for Brown.

Burt W. Sperry, Shotwell & Brown, Monroe, La., for Donner Corp.

ELLIS, District Judge.

United Gas Pipe Line Company, a Delaware corporation doing business in Louisiana, brought suit in the District Court for the Parish of Terrebonne, State of Louisiana, against Edgar W. Brown, Jr., a resident of Texas, and the Donner Corporation, a Texas Corporation, to expropriate their interests in certain lands in Terrebonne Parish. Plaintiff is a certificated natural gas pipeline company under the Natural Gas Act, 15 U.S.C.A. § 717 et seq. and it transports natural gas interstate through a large integrated pipeline system. Having received authorization from the Federal Power Commission to construct a 30-inch

At the outset, plaintiff challenges the timeliness of defendants' Supplemental Petition to Remove. Defendants received notice of plaintiff's initial pleading on May 23 and May 25, 1962. The Supplemental Petition was filed June 21, 1962, more than twenty days from such dates. While the petition for removal may be amended in any respect during the running of the twenty-day period[3] and imperfections in the peti-

---

1. LSA-R.S. 19:2(7); 15 U.S.C.A. § 717f.

2. 28 U.S.C.A. § 1441.

3. See Barron and Holtzoff, Federal Practice and Procedure, Sec. 107, Pg. 521.

tion may be corrected by amendment more than twenty days after notice,[4] amendment to state a wholly new ground for removal beyond the twenty-day period is not allowed.[5] Defendants' original timely petition for removal stated the existence of a federal question as the grounds for removal. There was no mention of diversity jurisdiction. In the Supplemental Petition, defendant raises for the first time the question of original diversity jurisdiction of this court. The petition comes too late and we need not consider the question of jurisdictional amount in controversy. Likewise, defendant cannot argue that under the second Paragraph of Section 1446 (b) the existence of sufficient jurisdictional amount has only now come to light.[6] Defendants' Supplemental Petition suggests that the amount in controversy was first discovered when defendants' own witnesses testified, on cross-examination by plaintiff's counsel, as to the amount demanded by defendants for their interests. This amount was in excess of $11,000.00. This is a "discovery" of which defendants must have been well aware long before this case entered the courts. It is true that when removability does not appear on the face of the pleadings, the twenty-day limitations period does not begin to run until removability is disclosed.[7] Diversity of citizenship appears on the face of plaintiff's petition but the amount in controversy is stated at only $3,985.46. Defendants cannot now claim that the amount previously known and now supplied by themselves is newly discovered. Even less can defendants claim that what was once not removable for lack of jurisdictional amount has now become removable because defendants supply the requisite amount which they must have known during the running of the first twenty-day period. Consequently, defendants' petition to remove on the grounds of diversity jurisdiction may not be considered.

Defendants' petition to remove on the grounds of federal question presents a more serious question. Defendants suggest that since plaintiff operates pipelines interstate under a certificate of convenience and necessity from the Federal Power Commission, this case involves the variety of "federal question" conceived by the Removal Act. Further, defendants argue that plaintiff's sole power of eminent domain comes from the Natural Gas Act and therefore defendants have sufficient federal question to remove.

The response to this position is found in the well-reasoned opinion of Chief

4. Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673; Covington v. Indemnity Insurance Co., 5 Cir., 251 F.2d 930; McGuigan v. Roberts, S.D. N.Y., 170 F.Supp. 372.

5. "A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends; because, if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction, and if it does, the Circuit Court of the United States cannot allow an amendment of the petition, but must remand the case. * * * But if, upon the face of the petition and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the Cir-

cuit Court of the United States, by leave of that Court, by stating more fully and distinctly the facts which support those grounds." Powers v. Chesapeake & Ohio Railway, supra, 169 U.S. at 101, 18 S.Ct. 267. Barron and Holtzoff, Federal Practice and Procedure, supra at 521.

6. 28 U.S.C.A. § 1446(b).
"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

7. 28 U.S.C.A. § 1446(b); McLeod v. Cities Service Gas Co., 10 Cir., 233 F.2d 242; Ford v. Roxana Petroleum Corp., N.D. Tex., 31 F.2d 765.

Judge Hincks in Algonquin Gas Transmission Co. v. Gregory, D.Conn., 105 F. Supp. 64. In Algonquin the gas company sought expropriation of defendant's property in state court under Connecticut's eminent domain statute. Nevertheless, the allegations of the complaint were sufficient to bring the action under the eminent domain provisions of the Natural Gas Act. Moreover, the gas company was operating under a certificate issued by the Federal Power Commission. Defendant sought to remove on the basis of federal question. Referring to several Supreme Court cases holding that a controverted federal right must be essential to the action in order to raise a federal question, the District Court held that the absence of dispute over the Natural Gas Act negated any contention that the "federal question" requirement was satisfied. The existence of a federal certificate likewise created no substantial federal question and therefore the case was remanded to state court.

The difference in defendants' argument does not deter the application of the Algonquin principle here. Defendants state that United has no cause of action under the Louisiana Act. From this defendants conclude that United's sole remedy is under the Natural Gas Act and hence a federal question sufficient for removal is presented.

■■ We need not reach for an interpretation of the Louisiana Statute since even if it were inapplicable this suit would not be removable. Expropriation suits under the Natural Gas Act may be brought in state courts.[8] A federal question is not raised under the removal statute unless there is some dispute over the laws of the United States.[9] Potentially different interpretations of federal laws must work substantial difference in result before the courts will recognize that a federal question is involved.[10] Even further, the federal question must arise from the petition and not from the petition for removal.[11] Here defendants raise no question at all concerning the Natural Gas Act and its interpretations. Quite to the contrary, defendants' position here presupposes its proper application.

■ Likewise, defendants merely state that United has a certificate from the Federal Power Commission. This, as was pointed out in Algonquin, supra, creates no federal question. Defendants go further and state that since the gas line involved will transport natural gas interstate, plaintiff's sole remedy is under the Natural Gas Act. While defendants simply cite that Natural Gas Act generally for this position, the problem is of no consequence since, as previously mentioned, the suit even if limited to the Natural Gas Act, is properly brought in the state court and is not removable on this record. Hence the motion to remand is sustained and the suit is remanded to the state court.

SO ORDERED.

8. 15 U.S.C.A. § 717f(h).

9. Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Algonquin Gas Transmission Co. v. Gregory, supra. See Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle County, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 and cases therein cited.

10. Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205.

11. "A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank in Meridian, supra, 299 U.S. at 113, 57 S.Ct. 96, 81 L.Ed. 70; Pan American Petroleum Corp. v. Superior Court of Delaware for New Castle County, supra.