# LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Colonial Williamsburg, Inc.

v.

Old Dominion Freight Line

December 4, 1969

Case No. (Law) 5689

By JUDGE EDWARD L. RYAN, JR.

This law action comes before the court on defendant's Plea of Limitation of Action based on § 2(b) of the Uniform Domestic Straight Bill of Lading which requires written notice of claim for damages to any shipment of goods within nine months of delivery. The parties stipulate (or concede) that the goods were damaged, that defendant had actual knowledge of the damage on the day of delivery, and that plaintiff did not serve on or mail to defendant any formal, written notice of claim. The document (Memorandum) accompanying the goods provided that the shipment "shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading." Said bill of lading provides the following:

> (b) As a *condition precedent* to recovery, claims must be filed *in writing* with the receiving or delivering carrier. . . within *nine months* after delivery. . . . When claims are not filed . . . in accordance with the foregoing provisions, no carrier hereunder shall be liable, and such claims will not be paid. (Emphasis added.)

Plaintiff says that it (1) should not be barred from maintaining its suit by a time limitation which is not clearly stated in the *shipping document*, and (2) that, in any event, the time limitation should not be enforced when the carrier had *actual* knowledge of the damage within the nine-month period.

As to No. 1, plaintiff asserts, basically, that the provisions of the uniform bill of lading should not be "incorporated by reference," and to permit same would be "manifestly unjust." The court concludes that this contention is without merit. In *E. H. Emery & Co. v. Amer. Ref. Trans. Co.*, 246 U.S. 634 (1918), it is said that "A contract is the sole determinant of the conditions imposed, and its reference elsewhere for their fulfilment is like the reference to a document that it adopts and makes part of itself." In Code § 8.7-309 (U.C.C.) it is provided that "[r]easonable provisions as to time and manner of presenting claims and instituting actions based on the shipment may be included in a bill of lading or tariff." See also *C. & O. Ry. Co. v. National Fruit Prod. Co.*, 155 Va. 438 (1930), and cases cited therein.

As to No. 2, plaintiff cites numerous authorities in support of its position. But here we are dealing with an interstate shipment, and it is universally held that a carrier cannot waive the requirements of notice of claim. To permit otherwise would result in discriminatory practices, contrary to law and sound public policy. *C. & O. Ry. Co. v. Natl. Fruit Prod. Co.*, *supra*. If the carrier itself cannot waive the requirement for written notice, then any other ground for relaxing the rule would be impermissible. In short, the defendant was compelled to invoke the defense. In *C. & O. Ry. Co.*, the following was said:

> So far as interstate shipments are concerned, it has been settled definitely that a stipulation in the shipping contract requiring notice of loss or damage cannot be waived. . . .
> [T]he parties to a bill of lading cannot waive its terms, nor can the carrier by its conduct give the shipper a right to ignore them. "A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed." The

bill of lading given by the initial carrier embodies the contract for transportation. . . and its terms in respect to conditions of liability are binding upon the shipper, *just as a rate properly filed by the initial carrier is binding upon them.* . . . (Emphasis added.)

The weight of authority is to the effect that actual notice is not equivalent to, or a substitute for, written notice required by contract or law. 49 USCA § 20(11), note 472, and 1969 Cum. Supp., § 472. Again, in *C. & O. Ry. Co.*, it was said that "The terms and conditions of the bill of lading or shipment contract were lawful and in harmony with the Federal act 49 USCA, § 20(11), and have repeatedly been given judicial sanction by the Federal and State courts."

The court recognizes that there are cases holding to the contrary. One of these cited by plaintiff is *Hopper Paper Co. v. B. & O. RR. Co.*, 178 F.2d 179 (7th Cir. 1949), cert. den. 339 U.S. 943, in which defendant carrier notified the shipper by telegram that the goods had been destroyed in transit. The court held that written notice by plaintiff was not required. But in view of the expressions of the Virginia court, above cited, the following from 14 Am. Jur. 2d, *Carriers*, § 591, is instructive:

In a number of cases, however, it has been held that in view of statutory provisions prohibiting discriminatory practices by carriers, a carrier may not waive, or be estopped to assert, the requirements of a stipulation in the contract of carriage as to written notice of a claim for damages, so that actual notice received by the carrier that goods were damaged does not excuse the filing of a written claim for damages.

In *C. & O. Ry. Co. v. Natl. Fruit Products, supra,* the court in stating the facts shows that when the leaking railroad car reached its destination "a 'bad order' card was placed on it by defendant's inspector." Clearly, there the defendant had actual notice, but the written notice was a requirement that could not be waived.

An analogy may be drawn between the notice required in this case and a statutory notice of claim to a municipal corporation. It is generally held in such cases that "actual knowledge of all the facts required to be stated in the statutory notice of injury cannot supply the omission of the written notice required to be given the mayor or city clerk." And this is true even where the city investigated the claim and interrogated the claimant. 38 Am. Jur., *Municipal Corporations*, § 703. In *Daniel v. Richmond*, 199 Va. 490 (1957), the claimant failed to give the required sixty days' notice to the city, but showed to the trial court that he was severely injured and totally incapacitated for seventy-two days. It was also shown that claimant's employer gave oral notice the day after the accident and that soon thereafter the city investigated the place of the accident and changed the location of the electrical wire on certain poles. The direct issue of actual knowledge was made and the judgment of the trial court was for the city, which on appeal was affirmed.

(In answer to *Hopper*, defendant cites *East Texas Motor Freight Lines v. United States*, 239 F.2d 417 (5th Cir. 1956); *Jefferson Manuf. Co. v. Bayou Shoppe*, 210 So. 2d 912 (La. 1968); *Johnson and Dealman, Inc. v. Wm. F. Hegarty, Inc.*, 224 A.2d 515 (N.J. 1966); *C. & O. Ry. Co. v. A. F. Thompson Co.*, 270 U.S. 416 (1926); and *Anchor Line Ltd. v. Jackson*, 9 F.2d 543 (2d Cir. 1925).)

Finally, the plaintiff says that it did, in fact, give written notice when its curator noted the following on defendant's delivery document:

RECEIVED IN GOOD ORDER EXCEPT AS NOTED:
[N.B. This is in print.]

Wet contents
Book wet
Other crates not opened--Soaked
John M. Graham
Curator of Crttertis [sic].
[N.B. This is in longhand.]

For the reasons stated above, the court concludes that this notation is not sufficient notice as required by law. Certainly it is not a notice *of claim*. It is an exceptive notation as to "Received in Good Order," but

nothing more. Reverting to 14 Am. Jur. 2d, *Carriers*, sect. 591, the following is found next after the rule that the notice can not be waived or an estoppel invoked:

> In any event, where the knowledge of the carrier is not such that it can be chargeable with knowledge of all conditions as to damage that a written notice of claim could give, the filing of a written claim for damages is not dispensed with.

It is patent that plaintiff failed to give defendant a notice of claim, and that defendant had no chargeable knowledge of all the conditions as to damage that a written notice of claim could give. Under such circumstances, a written claim for damages is not dispensed with.