**RESIDENT ADVISORY BOARD** by Rose Wylie, Trustee ad litem, et al., Plaintiffs,

v.

James H. J. TATE, Mayor of Philadelphia, et al., Defendants.

Civ. A. No. 71–1341.

United States District Court, E. D. Pennsylvania.

June 22, 1971.

[redacted]

Charles W. Bowser, Michael Sklaroff, Alan E. Casnoff, Stanley M. Walker, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Levy Anderson, City Sol., Joseph Mistrano, Philadelphia, Pa., for Philadelphia

Housing Authority, James H. J. Tate and Fred T. Corleto.

Arthur R. Littleton, Philadelphia, for Multicon Construction Corp. and Multicon Properties, Inc.

Joseph M. Gindhart, Philadelphia, Pa., for Whitman Area Improvement Council.

T. E. Byrne, Jr., Philadephia, Pa., for Alice Moore.

John Patrick Kelley, Philadelphia, Pa., for Fred Pruding.

Joseph M. Gindhart, Philadelphia, Pa., for all members of Whitman Area Improvement Council and its officers, agents, servants, representatives and employees and all other persons acting in concert with them or otherwise participating in their aid.

## OPINION AND ORDER

BRODERICK, District Judge.

On June 2, 1971, Multicon Construction Corp. and Multicon Properties, Inc., two of the Defendants in subject case, filed a Petition in this Court for Removal of this action from the Court of Common Pleas of Philadelphia County. This is an equity action which has been filed in the Court of Common Pleas of Philadephia County on May 25, 1971. The Plaintiff, the Resident Advisory Board, is an unincorporated association which represents tenants in public housing in Philadelphia. Plaintiff, Housing Task Force of the Philadelphia Urban Coalition, is a group engaged in improving housing conditions in the City of Philadelphia. Plaintiffs, Esther Sierra Mendez, Jean Thomas, Mable Smith and Bernice Devine are all residents of Philadelphia who have been on the waiting list for public housing. The Defendants are James H. J. Tate, Mayor of Philadelphia, Fred T. Corletto, Managing Director of Philadelphia, and Multicon Construction Corp., an Ohio corporation which entered into a contract with Multicon Properties, Inc., another Ohio corporation, which is the owner and developer of the property known as Whitman Park

Townhouse Project under a contract with the Philadephia Housing Authority. The Defendant, Whitman Area Improvement Council, is an unincorporated association whose members are the residents in the Whitman Urban Renewal Area in which the Whitman Park Housing Project is located. Defendants Alice Moore and Fred Druding are the past president and present president, respectively, of the Whitman Area Improvement Council.

In the Complaint filed in the Common Pleas Court (and as amended in this Court), the Plaintiffs seek the following injunctive relief: (a) That Mayor Tate be ordered to revoke and rescind his directives to Multicon; (b) That Mayor Tate and Managing Director Corletto be enjoined from preventing construction of the Whitman Housing Project, including influencing the Philadelphia Housing Authority to take any action in derogation of its contract with Multicon; (c) That Multicon be ordered to resume construction; (d) That the Whitman Area Improvement Council be enjoined from interfering with construction work; and (e) That the Defendants Mayor Tate and Fred Corletto be required to pay damages to the Plaintiffs.

On June 3, 1971, the day after the action was removed to this Court, the Whitman Defendants filed a Motion to Dismiss or Stay the Proceedings and a Demand for Jury Trial. Oral argument was set on the Motion to Dismiss or Stay for Thursday, June 10, 1971. At the time of the Argument, with the consent of all other counsel present, argument was also heard in connection with the Plaintiff's Motion to Strike the Demand for Jury Trial and the Motion to Remand this case to the Court of Common Pleas, which latter motion had been filed by the Whitman Defendants on June 9, 1971.

We will consider first the Motion to Remand.

The Whitman Defendants, as the basis for their Motion to Remand, argue that at no time did they join in or consent to

the Removal action. The Whitman Defendants maintain that they were Defendants in the State Court action and never waived their right to make this Motion to Remand.

The essence of the position taken by the Multicon Defendants and the Plaintiffs is that it was not necessary to join the Whitman Defendants in the Removal petition because they were not served in the State Court proceeding, did not object when they were told the case was being removed to the Federal Court, and, moreover, after removal they had waived their right to remand by filing a Motion to Dismiss or to Stay and by making a Demand for Jury Trial.

■■ The Petition requested removal of the action pursuant to 28 U.S.C. § 1441(b), which section provides for removal without regard to the citizenship or residence of the parties where the action is founded on a claim or right arising under the Constitution or laws of the United States. Whether there is federal jurisdiction present sufficient to support a petition for removal from a State court to a Federal district court must be determined from Plaintiffs' Complaint at the time of the petition. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); Thiel v. Southern Pac. Co., 126 F.2d 710 (9th Cir. 1942), cert. denied, 316 U.S. 698, 62 S.Ct. 1295, 86 L.Ed. 1767 (1942); First National Bank of Lake Providence v. American Marine and General Insurance Co., 181 F.Supp. 285 (D.C.Ark.1960). We believe, from an examination of Plaintiffs' complaint filed in the Philadelphia Court of Common Pleas on May 25, 1971, that there is a sufficient allegation of a Federal question involving a claim or right arising under the laws and Constitution of the United States.

■■ Proceeding to the question of whether the Whitman Defendants have standing in this Court to ask that this action be remanded to the State court, we must first determine whether they were Defendants in the case when it was in the State Court. Although counsel for the Whitman Defendants would not accept service of process, and although the Whitman Defendants were not served, they were named in the Complaint, their counsel attended conferences with the Judge in the State court on May 25 and 28, 1971, and they filed Preliminary Objections on June 1, 1971, all prior to the removal of the action to this Federal Court. Under Pennsylvania Law, the filing of Preliminary Objections which do not raise the jurisdictional question constitute a general appearance and a waiver of any question of jurisdiction over the person. Yentzer v. Taylor Wine Co., Inc., 409 Pa. 338, 186 A.2d 396 (1962). We find that since all four Whitman Defendants were named in Plaintiffs' original Complaint in the State Court, had filed Preliminary Objections which did not raise the question of jurisdiction over the person of the Whitman Defendants in that action, had actively participated in conferences with the Judge, their actions were sufficient to put them under the jurisdiction of the State court, and, therefore, they were Defendants in the State action within the meaning of 28 U.S.C. § 1441 et seq.

28 U.S.C. § 1441, the Removal Statute with which we are concerned in this case, reads as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defend-

ants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is noted that the above statute says "may be removed by the defendant or the defendants."

■ 28 U.S.C. § 1446(a) sets forth the procedure for the removal of a case from the State Court to the Federal Court in the following language, *inter alia:*

"A defendant or defendants desiring to remove any civil action * * * from a state court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."

This section also states "A defendant or defendants." The cases have uniformly interpreted these statutes as requiring that when there is more than one defendant in the state court action all of the defendants must be joined or consent to the removal petition. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, International Printing Pressmen and Assistants' Union of North America, 427 F.2d 325 (5th Cir. 1970); P. P. Farmers' Elevator Company v. Farmers Elevator Mutual Insurance Co., 395 F.2d 546 (7th Cir. 1968); Derry v. Roadway Express, Inc., 248 F.Supp. 843 (D.C.Ky. 1965); McMahan v. Fontenot, 212 F. Supp. 812 (D.C.Ark.1968); Driscoll v.

Burlington-Bristol Bridge Co., 82 F. Supp. 975 (D.C.N.J.1949).

The above cases simply reiterate the general rule promulgated by the Supreme Court of the United States in connection with an earlier Removal Statute. Chicago, Rock Island and Pacific Railway Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).

■ The right of removal and the procedure for removal is entirely statutory. Moreover, the removal statutes must be strictly construed and a federal court may encroach upon a state court's right to determine cases properly brought before that state court only with the express authority given by Congress. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Obviously, Plaintiff might have invoked the jurisdiction of the federal courts in this action initially, but when the right to remove a case falls under the federal statute, this removal right is dependent on the acquiescence of all of the defendants before plaintiff's choice of the State forum can be circumvented. Edelstein v. New York Life Ins. Co., 30 F.Supp. 1 (D.C.N.Y.1939); Belcher v. Aetna Life Ins. Co., 3 F.Supp. 809 (D.C.Tex.1933); John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, 93 F.Supp. 296 (D.C.N.J. 1950). We, therefore, find that when four Defendants were properly before the State Court and when they did not join in or consent to the Petition for Removal, the Removal was defective under 28 U.S.C. § 1441 et seq.

■ The last question to be discussed is whether the Whitman defendants, by their actions here in the federal court, have waived their right to have this case remanded to the State Court. The Petition for Removal was filed on June 2, 1971, just eight days after Plaintiffs filed their original complaint in the State Court. On June 3, 1971, the Whitman Defendants entered their appearance in this Court, demanded a

jury trial, and motioned this Court to stay or to dismiss the proceedings on the ground that the Plaintiffs as potential tenants in public housing had no standing to maintain this action. And on June 7, 1971 they amended their Motion to Dismiss and added Motions for a More Definite Statement and to Strike. Then, on June 9, 1971, just seven days after the cause had been removed to the Federal Court, the Whitman Defendants filed their Motion to Remand this action back to the State Court. The Plaintiffs and the Multicon Defendants argue that by virtue of the failure of the Whitman Defendants to include their Motion to Remand with their other motions they were precluded by Federal Rule of Civil Procedure 12(g) from making this Motion to Remand. The Federal Rules of Civil Procedure govern an action only after it has been properly removed to the Federal Court from the State Court and do not apply to the removal procedure itself. Smith v. Templin, 126 F. Supp. 131 (D.C.Tenn.1954). Furthermore, the general rule is that there can be no waiver of the right to remand. Adams v. Ralph L. Smith Lumber Co., 181 F.Supp. 729 (D.C.Cal.1960). Indeed, the Federal Court must remand a case any time prior to final judgment where it appears that the case was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c) provides:

> "(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Some irregularities in the removal procedure which are considered matters of form are capable of being waived. Powers v. Chesapeake & Ohio RR, 169 U.S. 92, 98, 18 S.Ct. 264, 42 L.Ed. 673 (1898), (failure to comply with time requirement for filing of petition may be the subject of estoppel or waiver); Baggs v. Martin, 179 U.S. 206, 21 S.Ct. 109, 45 L.Ed. 155 (1900), (minor irregularities may· be waived in the removal procedure); Green v. Zuck, 133 F.Supp. 436 (D.C.N.Y.1955), (violation of the 20-day period for removal is not a jurisdictional defect and can be waived). But that part of the statute which requires all of the defendants to join in the petition for removal is fundamental, goes to the jurisdiction of the court and necessarily must be complied with in order for the removal procedure to be effective. Ayers v. Watson, 113 U.S. 594, 597–598, 5 S.Ct. 641, 28 L.Ed. 1093 (1885); Heintz & Co. v. Provident Tradesmens Bank and Trust Co., 228 F. Supp. 165 (D.C.Pa.1964).

The right to litigate Federal questions in the Federal courts is not absolute or unlimited. Initially, the Plaintiff has the right to select the State Court if he wishes to do so. We find no disadvantage to the Plaintiffs who chose the State Court as their forum initially and they cannot now complain that they will be injured if they remain in that court. The Multicon Defendants had the burden of showing that they complied with all of the statutory requirements for removal. They failed to prove joinder or consent by the Whitman Defendants.

In conclusion, we find that the Whitman Defendants were defendants in this action in the State Court; were not joined in the Petition for Removal; did not consent to the removal; and have not waived· their right to have this action remanded to the State Court.

The Motion to Remand is hereby granted.

In view of the decision to Remand, the Motions to Dismiss or to Stay, to Strike, and for a more definite statement, and to Strike the Demand for a Jury Trial need not be decided.