Maron BUICE, Plaintiff,

v.

BUFORD BROADCASTING, INC., d/b/a WDYX AM and WGCO FM, Robert P. Joseph and Peter Lyden, Defendants.

Civ. A. No. C82–2319A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 5, 1983.

Joseph E. Cheeley, Cheeley & Chandler, Buford, Ga., for plaintiff.

Halsey G. Knapp, Jr., Arnall, Golden & Gregory, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

The case before this court was initially filed in the Superior Court of Gwinnett County on October 21, 1982. On October 27, 1982 the defendants filed their petition for removal to this court, along with the necessary bond and verification. Presently pending is the plaintiff's motion to remand this action to state court.

▮ 28 U.S.C. § 1441(b) provides that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." As is the case with suits originally filed in federal district courts, the existence of federal subject matter jurisdiction in a removed action depends upon whether the case "arises under" federal law. When this inquiry is made in the context of a motion to remand challenging a removal petition, however, the burden is upon the party seeking removal to establish federal question jurisdiction. *Jones v. General Tire and Rubber Company,* 541 F.2d 660 (7th Cir. 1976); *Board of Education of the City of Atlanta v. AFSCME,* 401 F.Supp. 687 (N.D. Ga.1975).

▮ The rules for determining whether a controversy "arises under" federal law are well-settled. First, the federal law claim must be an "essential element" of the plaintiff's cause of action. *Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). Not every question of federal law that emerges in a lawsuit is proof that federal law is the basis for the action; potentially different interpretations of federal law must make a significant or substantial difference in outcome before the suit will be said to "arise under" federal law. *See, e.g., People of the State of California by and through the Attorney General v. Glendale Federal Savings and Loan Association,* 475 F.Supp. 728 (C.D.Cal.1979); *United Gas Pipe Line Co. v. Brown,* 207 F.Supp. 139 (E.D.La.1962). In addition, the dispute involving federal law must appear from the face of the plaintiff's "well-pleaded complaint;" neither the defendant's answer nor its petition for removal may be used to establish federal question jurisdiction. *Gully, supra,* 299 U.S. at 113, 57 S.Ct. at 98. Similarly, an action does not arise under federal law if the federal question

enters the case only by way of a defense, even if introduction of a federal question in this posture is a certainty rather than a mere possibility. *Gully, supra* at 113, 57 S.Ct. at 98; *First National Bank of Duluth v. Northern City National Bank,* 627 F.2d 843 (8th Cir.1980); *Debevoise v. Rutland Railway Corp.,* 291 F.2d 379 (1st Cir.), *cert. denied* 368 U.S. 876, 82 S.Ct. 123, 7 L.Ed.2d 77 (1961). More specifically, even if federal law has clearly preempted state law in the substantive area framed by the plaintiff's complaint, preemption is only a defense in the state court action, and not an independent basis for removal to federal court. *Guinasso v. Pacific First Federal Savings and Loan Association,* 656 F.2d 1364 (10th Cir.1981); *Madsen v. Prudential Federal Savings and Loan Association,* 635 F.2d 797 (10th Cir.1980), *cert. denied* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). Finally, the federal question raised by the complaint must be a "substantial" one. *Hagans v. Levine,* 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

 This court is of course not bound by the plaintiff's own characterization of his complaint as one arising under state law, and removal may be permitted even if the plaintiff expressly denies any intent to present a federal question in his lawsuit. *See, e.g., La Chemise Lacoste v. Alligator Co.,* 313 F.Supp. 915 (D.Del.1970). Nevertheless, where the plaintiff strenuously argues that he is not relying on any federal substantive right and that his complaint contains no reference to a federal constitutional or statutory provision, a defendant seeking to justify removal bears the burden of convincing this court that the plaintiff mistakes the gravamen of his own complaint. *Sylgab Steel & Wire Co. v. Strickland Transportation Co.,* 270 F.Supp. 264 (E.D.N.Y.1967). The defendants here, however, have been unable to persuade this court that this case is anything other than what it appears to be—a libel claim arising under state tort law.

 In his complaint, the plaintiff alleges that defendant Peter Lyden, a radio broadcaster employed by defendant Buford

Broadcasting, Inc., made false and defamatory statements about the plaintiff during a news broadcast on WDYX–AM and WGCO–FM on July 28, 1982. Nothing could more clearly be a state tort action than this lawsuit, seeking damages from the defendants for ostensibly "portraying plaintiff in a bad light as one who seeks to use his public office for his personal profit and as one who seeks to avoid responsibility for payment of taxes." (Complaint at ¶ 12). The defendant contends that the issues in this case are governed by federal statutory and common law, due to the fact that the defendant Buford Broadcasting, Inc. is subject to the Federal Communications Act of 1934, 47 U.S.C. § 151 *et seq.,* and is required to and does operate pursuant to a license granted by the Federal Communications Commission.

Even if this court were to agree with the defendants that the Federal Communications Act is somehow applicable to the instant libel action, that does not automatically result in a determination that this lawsuit arises under federal law. As the United States Supreme Court stated in *Pan American Petroleum Co. v. Superior Court of Delaware,* 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961), "the rights asserted are traditional common-law claims. They do not lose their character because it is common knowledge that there exists a scheme of federal regulation . . ." The defendants' reliance upon the cases of *O'Brien v. Western Union Telegraph Co.,* 113 F.2d 539 (1st. Cir.1940) and *Kaufman v. Western Union Telegraph Co.,* 224 F.2d 723 (5th Cir. 1955) for the proposition that defamation actions against an FCC-regulated carrier arise under federal law is thus clearly misplaced. While the Federal Communications Act may, as in those two cases, determine the measure of damages or the extent of a defendant's rights, duties and privileges with respect to the transmission of defamatory or other tortious material, it does *not* necessarily, and did not in those cases, serve either as the basis for the federal court's subject matter jurisdiction or as the foundation for the underlying cause of action.

See, e.g., *Smith v. Templin,* 126 F.Supp. 131 (E.D.Tenn.1954) (holding that a suit based on Tennessee libel and slander law did not "arise under" federal law; "if the Federal Communications Act affects plaintiff's cause of action in any manner, it [merely] limits the field of recovery. This is quite different from creating or enlarging a right." *Id.* at 132).

It has thus been held that no federal question existed for removal purposes when a plaintiff natural gas pipeline, certified under the Natural Gas Act, 15 U.S.C. § 717 *et seq.* and operating pursuant to a certificate of convenience and necessity from the Federal Power Commission, sought to remove to federal court a lawsuit seeking expropriation under its state-created power of eminent domain. *United Gas Pipe Line Co. v. Brown, supra,* 207 F.Supp. at 142. Similarly, the plaintiff's claim of entitlement to property purchased by the defendant at a federal tax sale conducted by the Internal Revenue Service was held not to create a basis for removal of that action to federal court, since the nature and extent of the plaintiff's interest in the property to which a federal tax lien had attached was a matter of state and not federal law. *Crow v. Wyoming Timber Products Co.,* 424 F.2d 93 (10th Cir.1970). *See also, Borzello v. Charles D. Sooy and C. Darrell Sooy,* 427 F.Supp. 332 (N.D.Cal.1977) (holding that a lawsuit based upon common law principles of contract and fiduciary duty, as well as state statutory provisions, was not removable merely because the defendant was a federally incorporated Savings and Loan Association); *Marquette National Bank v. First National Bank of Omaha,* 422 F.Supp. 1346 (D.Minn.1976) (remanding to state court plaintiff's lawsuit alleging conspiracy, deceptive trade practices, unfair trade practices and tortious interference with contractual relations against the defendant national bank, based upon a finding that although a federal statute did preempt state law as to certain conduct potentially involved in the case, the complaint nonetheless did not state a claim under that particular statutory provision); *State of Oklahoma ex. rel. Wilson v. Blankenship,* 447 F.2d 687 (10th Cir.1971) (remanding the plaintiff's suit involving the construction and effect of a federal antitrust judgment).

There has been absolutely no showing by the defendants that the matter currently before this court involves any claims arising under federal law. Were this court to accept the defendants' wholly untenable position in this case, it would result in exclusive federal jurisdiction over every libel claim against an FCC-regulated carrier, and indeed would be tantamount to federalizing every common-law contract or tort claim impacted to even the slightest degree by the ever-increasing presence of wide-ranging federal regulation and legislation. This court should not and cannot countenance such an outcome. Accordingly, the plaintiff's motion to remand is GRANTED.