Cheryl CAMERON, Plaintiff,

v.

TEEBERRY LOGISTICS, LLC and
James Parham, Defendants.

Civil Action No. 3:12–cv–181–TCB.

United States District Court,
N.D. Georgia,
Newnan Division.

Jan. 30, 2013.

Michael Anthony Young, Law Office of Michael Young, Atlanta, GA, for Plaintiff.

Andrew J. King, John Bailie Austin, Austin & Sparks, P.C., Atlanta, GA, for Defendants.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This is an action for personal injuries arising from an automobile accident. Defendants Teeberry Logistics, LLC and James Parham removed this case to this Court from the State Court of Troup County, Georgia. The matter is before the Court on Plaintiff Cheryl Cameron's motion to remand [7].

## I. Background

On August 24, 2011, Cameron was injured in a vehicular collision with a tractor-trailer driven by Parham. According to Cameron, Parham negligently failed to yield the right-of-way and drove into the path of her vehicle, giving Cameron no time to stop or avoid the collision.

On November 9, 2011, Cameron filed this action in state court, asserting a negligence claim against Parham and against Parham's employer, Teeberry Logistics, under the doctrine of respondeat superior. Cameron's two-page complaint consists of only six paragraphs. Paragraph 4 avers, "The amount in issue is less than $50,000.00 and does not come close to exceeding $75,000.00 and this claim is not subject to removal to the United States District Court." In her request for relief she asks that the Court "grant Plaintiff judgment against the defendants in an amount sufficient to compensate [her] for past, present and future pain, suffering, impairment, lost wages and medical expenses."

The parties commenced discovery in state court. On May 31, 2012, Cameron served a third supplementation to Defendants' discovery requests in which she provided Defendants with work excuse disability slips from November 26, 2011 through the date of the supplementation and attached an inventory of medical expenses totaling $62,432.45. Subsequently, she sent Defendants a July 9, 2012 physician consult in which her doctor recommended and scheduled a back surgery for her; the consult did not include any estimate of the cost of the surgery. On August 9, 2012, Cameron sent Defendants a fifth supplementation to their discovery re-

quests, this time stating that her medical expenses were $91,413.75.

At no point did Cameron amend her complaint to aver that the amount in controversy had changed. However, on November 13, 2012, Cameron's counsel sent Defendants a time-limited demand letter seeking to settle the case for $575,000. The letter explained, "With close to $150,000.00 in special damages; 12 epidural injections; a discogram; and a 2–part surgery, we believe the jury will evaluate this case very highly." The parties mediated this case on December 11, 2012. At mediation, Cameron never presented a demand below $75,000. The mediation was unsuccessful.

On December 12, 2012, the day after the failed mediation, Defendants removed this action to this Court based on diversity jurisdiction. In their notice of removal, Defendants assert that the parties are completely diverse because Cameron is a Georgia citizen, Parham is a South Carolina citizen, and Teeberry Logistics is incorporated and has its principal place of business in North Carolina. Defendants further aver that contrary to Cameron's complaint, her time-limited demand letter makes clear that the $75,000 minimum amount-in-controversy requirement is satisfied. Cameron no longer denies that the amount-in-controversy requirement is met, and in fact, has filed documents reflecting that the amount in controversy is now well over $75,000. However, Cameron maintains that Defendants cannot remove the case because they waited too late to do so.

## II. Discussion

### A. Legal Standard

■ The party seeking removal must present facts establishing its right to remove and has the burden of proving that federal jurisdiction exists by a preponderance of the evidence. *See, e.g., Friedman*

*v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir.2005); *Buice v. Buford Broad., Inc.*, 553 F.Supp. 388, 390 (N.D.Ga.1983). When the defendant fails to do so, the case must be remanded. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1321 (11th Cir.2001).

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

### B. Analysis

Cameron concedes that the parties are diverse and that the amount in controversy is met; thus, she does not challenge the sufficiency of removal pursuant to 28 U.S.C. § 1332. Instead, she argues that remand is required because Defendants' removal is untimely under 28 U.S.C. § 1446.

Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove an action that was not initially removable if the action later becomes removable. That statute provides,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

A defendant seeking to remove an action based on diversity jurisdiction pursuant to § 1446(b)(3) must actually satisfy two time requirements.

First, the defendant must file a notice of removal within thirty days of when he first ascertains that the action is removable. *Id.* As the statute indicates, a defendant may be put on notice of removal by a pleading, motion, order or "other paper." *Id.* To provide notice of removability, the "other paper" "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir.2007) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir.1999)).

Second, to remove an action that was not initially removable but later becomes removable, the defendant must file his notice of removal no "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). To determine when an action "commences" for purposes of § 1446(c), a court looks to the law of the forum state in which the action originated. 28 U.S.C. § 1332; *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993). In Georgia, an action is commenced when the complaint is filed. O.C.G.A. § 9–11–13; *Franek v. Ray*, 239 Ga. 282, 236 S.E.2d 629, 632 (1977).

Thus, for removal to be proper, Defendants must have removed the action (1) within thirty days of receiving notice that the case was removable (§ 1446(b)(3)), and (2) within one year of the date Cameron filed her suit, unless they can show that

Cameron acted in bad faith to prevent removal (§ 1446(c)).

The Court first turns to whether Defendants removed within thirty days of receiving notice that the case is removable. According to Cameron, throughout discovery, she sent Defendants supplementations to their discovery requests that updated them as to her ever-growing medical expenses. She contends that those supplementations made it clear that the case was removable because the amount in controversy easily exceeded $75,000. In support of her argument, Cameron points to three specific supplemental discovery responses: (1) her May 31, 2012 supplementation indicating that her medical expenses were $62,432.45 and that she had been out of work for half a year; (2) a July 9, 2012 consultation statement from a physician in which he recommended and scheduled surgery for Cameron; and (3) her August 9, 2012 supplementation stating that her medical expenses were $91,413.75.[1]

Defendants respond that these documents did not notify them of removability because (1) Cameron failed to attach copies of her medical bills to the supplemental responses; (2) the amount in controversy in a personal injury case is not based solely on the amount of medical expenses; (3) Cameron had been in another serious accident in March 2008 for which she was still receiving treatment just weeks before this accident, so there was an issue with causation regarding the medical expenses; and (4) despite the medical expenses, Defendants continued to reasonably believe that the case was not removable because

---

1. In her reply brief in support of her motion to remand, Cameron also relies upon her October 22, 2012 supplementation, which states, "Plaintiff's total special damages in this case are $148,879.56." "This Court will not consider arguments raised for the first time in a reply brief." *United States v. Ga. Dep't of Natural Res.*, 897 F.Supp. 1464, 1471

(N.D.Ga.1995) (refusing to consider defendant's examples of federal compliance with state-imposed punitive fines for environmental violations because defendant presented the examples for first time in its reply brief). Therefore, the Court will not consider Camerons exhibits that were presented for the first time in her reply brief.

Cameron never amended her complaint, which expressly declared that the case was worth less than $50,000 and "does not come close" to being worth $75,000.

According to the Eleventh Circuit's decision in *Lowery*, to constitute notice of removability pursuant to § 1446(b)(3), Cameron must have provided Defendants with "other paper" "contain[ing] an unambiguous statement that clearly establishes federal jurisdiction." 483 F.3d at 1215 n. 63. As an initial matter, Cameron's supplementations to Defendants' discovery requests are within the category of documents that the Eleventh Circuit has identified as "other paper" within § 1446(b). *Id.* at 1213 n. 62 ("[Other paper] include[s]: responses to requests for admissions, settlements offers, interrogatory responses, deposition testimony, demand letters, and email estimating damages.") (citations omitted).

Further, contrary to Defendants' argument, Cameron did not need to attach actual medical bills in order to provide them with notice of removability. Courts have found that plaintiffs may notify defendants that their medical expenses exceed $75,000 in a variety of ways. *See, e.g., Adams v. Bellsouth Telecomms., LLC,* No. 12–60–GFVT, 2013 WL 97733, at *3–4 (E.D.Ky. Jan. 8, 2013) (letter from plaintiff's counsel stating that plaintiff's medical bills totaled $78,842.63 provided defendant notice that case was removable); *Ameri v. J.C. Penney Corp.,* No. 12–cv–2630, 2012 WL 5866493, at *3 (W.D.La. Nov. 19, 2012) (defendant's receipt of transcript of plaintiff's deposition testimony that she planned to have surgery on her arm started the thirty-day clock under § 1446(b)(3)); *Holley v. Madison Indus., Inc. of Ga.,* No. 4:12–cv–2243–VEH, 2012 WL 3771909, at *4 (N.D.Ala. Aug. 27, 2012) (response to defendant's document request, which included chart itemizing plaintiff's $72,000 in

medical expenses, combined with discovery response stating that plaintiff's total property loss equaled $26,000, notified defendant that case was removable); *Lee v. Lilly Trucking of Va., Inc.,* No. 2:12–cv–74–MEF, 2012 WL 960989, at *2 (M.D.Ala. Mar. 21, 2012) (even an email stating that counsel believes his client will accept $250,000 in damages, which is "part settlement offer part damages estimate," unambiguously shows that case is removable); *Muse v. Lowe's Home Ctrs., Inc.,* No. 2:11–cv–1481, 2011 WL 5025326, at *3 (E.D.La. Oct. 21, 2011) (doctor's estimate of cost of surgery and plaintiff's deposition testimony that she was going to have the surgery both put defendant on notice that the case was removable).

▮ Before reaching Defendants' remaining arguments, it is clear that Cameron's May 31st supplementation to Defendants' discovery requests did not provide unambiguous notice of removability. In that supplementation she stated that she had missed work from November 26, 2011 through May 31, 2012. However, she did not state the amount of lost wages she was seeking. Further, the medical expenses listed on the May 31st supplementation were for only $62,432.45, which is obviously below the $75,000 amount-in-controversy requirement. Although Defendants might have assumed that her lost wages combined with her medical expenses would exceed $75,000, the supplementation did not contain an unambiguous statement to that effect. Moreover, Cameron's July 9, 2012, orthopedic consult statement recommending and scheduling surgery did not provide unambiguous notice that her damages exceeded $75,000 because that record did not contain an estimated cost for the surgery. *See Muse,* 2011 WL 5025326, at *3 (doctor's surgery recommendation was insufficient to provide notice of removal

where recommendation failed to include projected cost of surgery).

Whether the August 9th supplementation provided Defendants with notice that this action is removable is a closer question. In that supplementation, Cameron stated in pertinent part, "Plaintiff hereby supplements her prior discovery responses with an updated medical inventory showing her medical expenses to be $91,413.75." At least one court in this circuit has found that a discovery response stating damages in excess of $75,000 provides unambiguous notice of removability. *See Holley,* 2012 WL 3771909, at *4 (N.D.Ala. Aug. 27, 2012) (discovery responses showing $72,000 in medical expenses and $26,000 in property damages notified defendant that case was removable).

However, in *Holley,* the plaintiff did not allege an amount of damages in his complaint. Conversely, Cameron specifically averred that the amount in controversy was less than $50,000 and that this case is not removable. The Court finds that this distinction is so significant as to render *Holley*—as well as other cases in which the plaintiff has not pled an amount in controversy but the defendant is put on notice of removability by "other paper" reflecting medical expenses over $75,000—inapposite. The Eleventh Circuit's decision in *Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir.1994), illustrates why.

In *Burns,* the Eleventh Circuit first confronted the issue of whether a defendant can remove a case to federal court based on diversity jurisdiction when the plaintiff expressly pleads in her complaint that her

damages are below the amount-in-controversy requirement. The court began its discussion by stating the maxim that "[w]hile a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Id.* at 1095. The court then went on to reason,

> Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal. So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

*Id.* at 1095. With these principles in mind, the court held that in order to remove an action where the plaintiff has specifically pled an amount in controversy below the jurisdictional requirement, a defendant must prove to a legal certainty that the amount in controversy exceeds the jurisdictional requirement.[2]

---

2. Here, Defendants have carried their burden of showing that the case is removable. Unlike in *Burns,* where the plaintiff maintained that her damages were below the jurisdictional amount, Cameron admits that her damages exceed $75,000.

Further, Defendants have filed a copy of the demand letter from Cameron's counsel, in which he states that he believes that value of her case to be $575,000. The settlement offer is considered "other paper" under § 1446(b). *Lowery,* 483 F.3d at 1212 n. 62; *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10–cv–1390–

■ Applying *Burns* to the facts of this case, Defendants were entitled to rely upon the averments in Cameron's complaint until they received "unambiguous" notice that Cameron valued the case for an amount above $75,000. In her complaint, Cameron explicitly stated that she was seeking compensation for "past, present and future pain, suffering, impairment, lost wages and medical expenses," but that her damages would not exceed $50,000. As Defendants argue, the amount in controversy in a personal injury action is not determined solely by the amount of medical expenses; a reasonable plaintiff would also consider other factors such as liability and causation in determining her damages. Defendants were justified in "assum[ing] that Cameron's counsel best kn[ew] the value of his client's case" and had taken into consideration all relevant factors in determining that the case was not worth more than $50,000. *Id.* More importantly, based on the averment in Cameron's complaint that this action is not removable, Defendants were certainly entitled to presume that Cameron's counsel "understands that because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer." *Id.* Thus, although Cameron's supplementation provided notice that her medical bills had exceeded the jurisdictional amount, considering her averment that the amount in controversy did not exceed $50,000, the supplementation did not provide Defendants unambiguous notice that Cameron considered the

case to be worth over $75,000. Defendants were able to "ascertain that the case is or has become removable" only when they received the time-limited demand letter seeking a $575,000 settlement. 28 U.S.C. § 1446(b)(3). Because Defendants removed within thirty days of receiving that letter, their removal was therefore timely pursuant to § 1446(b)(3).

The remaining issue is whether removal was timely pursuant to § 1446(c), which requires that diversity actions be removed within one year of the suit's commencement. Cameron filed this action on November 9, 2011; the action therefore commenced on that date. *See* O.C.G.A. § 9–11–13 (an action is commenced in Georgia when the complaint is filed). Defendants did not file their notice of removal until December 12, 2012, more than one year after the action commenced.

The Eleventh Circuit noted in *Burns* that by enacting the one-year rule, Congress "recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction." 31 F.3d at 1097 n. 12; *see also* 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 3731 (4th ed. 2009) (a strict one-year limitation "provides plaintiffs with an opportunity and an incentive to obscure the removability of a case or otherwise prevent removal until the one-year period has passed, thereby defeating defendants' removal right."). However, this is no longer the case. In 2011, Congress enacted an express exception to the one-year rule for cases of bad faith, providing defendants a safeguard against a plaintiff acting inequitably to prevent removal.

Orl–28GJK, 2010 WL 5140849, at *1–2 (M.D.Fla. Dec. 14, 2010) ("The demand letter filed one year after Plaintiff's injury contains sufficient facts to evaluate Plaintiff's demand that Defendant pay $175,000 to settle the claim. The letter is evidence of Plaintiff's view of the amount in controversy, and that

view is relevant in deciding the Motion to Remand."); *Hardesty v. State Farm Mut. Auto Ins. Co.*, No. 609–cv–735–Orl–31KRS, 2009 WL 1423957, at *2–3 (M.D.Fla. May 18, 2009) (relying on settlement offers to demonstrate jurisdictional amount had been met).

■ Following the 2011 amendment to § 1446(c), few cases have analyzed whether a plaintiff has acted in bad faith, and the Court has discovered no cases with facts similar to those at issue here. However, despite the dearth of authority on the issue, the Court holds that the facts before it are sufficient to find that Cameron acted in bad faith to prevent Defendants from removing this action.

First, Cameron specifically pled that this case was not removable, knowing that her pleading is "entitled to deference" by a district court and has "important legal consequences" regarding federal removal jurisdiction. *Burns,* 31 F.3d at 1095. Second, she failed to amend her complaint, or otherwise notify Defendants that she considered the amount in controversy to be over $75,000, therefore allowing Defendants to continue to rely upon her representation that she was seeking no more than $50,000 in damages. Third, she sent the time-limited demand letter exactly one year and four days after commencement of this suit, thus ensuring that the one-year limitation of § 1446(c) would be a potential hurdle to Defendants' removal. Taken together, these actions show bad faith in preventing Defendants from removing this case. *Cf. Bolton v. U.S. Nursing Corp.,* No. C 12–4466LB, 2012 WL 5269738, at *5 (N.D.Cal. Oct. 23, 2012) ("[A] plaintiff's refusal to stipulate to damages less than the amount in controversy is not evidence of bad faith and forum shopping."). Thus, despite the one-year time limitation of § 1446(c), Defendants' removal is proper.

## III. Conclusion

For the reasons set forth above, Cameron's motion for remand is DENIED [7].