IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

CLINT FOSTER, STACY COSTA ) 
and A.G., a minor, by and through ) 
her mother and next of friend, ) 
TONI GAON ) 
 ) 
 Plaintiffs, ) 
 ) 
 v. ) CIV. ACT. NO. 2:19-cv-575-ECM 
 ) (WO) 
IVONA M. DAVIS, ) 
JOHN N. III, INC., and ) 
JOHN N. JOHN TRUCK LINE, INC., ) 
 ) 
 Defendants. ) 

 MEMORANDUM OPINION and ORDER 
 I. INTRODUCTION 
 On August 16, 2018, Clint Foster, Stacy Costa, and A.G., a minor, by and through 
her mother and next of friend, Toni Gaon (collectively “Plaintiffs”) filed an amended 
complaint in the Circuit Court of Montgomery County, Alabama against Ivona Davis, John 
N. John III, Inc., and John N. John Truck Line, Inc. (collectively “Defendants”). (Doc. 1-
2). In their amended complaint, the Plaintiffs assert various personal injury and property 
damage claims against the Defendants arising out of a motor vehicle accident. (Id. at 2). 
 On August 9, 2019, the Defendants removed the case to this Court based on diversity 
jurisdiction. 28 U.S.C. § 1332 and § 1441. Specifically, the Defendants allege that Plaintiff 
Foster’s responses to their requests for admissions concerning damages “should be deemed 
‘other paper’ sufficient to permit removal under 28 U.S.C. § 1446(b)(3) . . ..” (Doc. 1 at 9). 
 The Plaintiffs disagree, contending that the Defendants’ removal is procedurally 
defective because Plaintiff Foster’s admissions “do not unambiguously establish the 

jurisdictional amount in controversy.” (Doc. 13 at 2). In the alternative, the Plaintiffs argue 
that the Defendants’ removal is untimely because it is not based on information obtained 
for the first time. (Id. at 2-3). Upon consideration of the motion, and for the reasons that 
follow, the Court concludes that the Motion to Remand is due to be granted. 
 II. BACKGROUND 

 The Plaintiffs’ claims arise out of a three-car collision that took place on Interstate 
85 in Montgomery County, Alabama. (Doc. 1-2 at 2). Specifically, the Plaintiffs contend 
that Defendant Davis “negligently, recklessly, and/or wantonly failed to operate her vehicle 
in a reasonable manner,” causing her to collide with both Plaintiff Foster’s vehicle and 
Plaintiff Costa’s and Plaintiff Gaon’s vehicle. (Id.). Moreover, Defendant John N. John 
III, Inc. owned the vehicle that Defendant Davis operated on the day of the collision and 

Defendant John N. John Truck Line, Inc. employed Defendant Davis. (Id. at 3). Based on 
these events, the Plaintiffs seek both compensatory and punitive damages against the 
Defendants for an unspecified amount. (Doc. 13 at 1). 
 The parties agree that complete diversity exits among them. (Id.). They dispute, 
however, whether Plaintiff Foster’s damages exceed the jurisdictional threshold of $75,000 

that is required when removal is based on § 1332(a). Because the Plaintiffs’ amended 
complaint failed to specify an amount for Plaintiff Foster’s damages, the Defendants sought 
discovery concerning the amount in controversy. (Doc. 1 at 8). On March 20, 2019, 
Plaintiff Foster responded to the Defendants’ discovery requests, providing a list of his 
medical treatment providers and a sum certain figure concerning his property damage 
claim. (Id.). Plaintiff Foster did not provide a figure or estimate for his medical expenses, 

stating “Plaintiff is still receiving treatment and expenses are still occurring.” (Id.). 
 The Defendants issued third-party subpoenas to Plaintiff Foster’s medical treatment 
providers, requesting billing records associated with his post-collision care. (Id. at 9). On 
June 18, 2019, after receiving billing records from the medical providers, the Defendants 
sent Plaintiff Foster requests for admission to “confirm the additional treatment and other 
matters necessary to establish diversity jurisdiction.” (Id.). Based on those responses, the 

Defendants removed the case. 
 In their notice of removal, filed August 9, 2019, the Defendants argue that the 
following admissions constitute “other paper” for the purposes of establishing the 
minimum amount in controversy: (1) Plaintiff Foster admitted receiving post-collision 
treatment from a number of medical providers; (2) Plaintiff Foster admitted undergoing a 

lumbar fusion procedure that required hospitalization for at least two nights; and (3) 
Plaintiff Foster admitted that he is continuing to experience physical pain and physical 
limitation, is continuing to seek treatment for mental health symptoms, and is continuing 
to lose wages on a post-surgical basis. (Id.). 
 On September 7, 2019, the Plaintiffs filed a motion to remand, asserting that the 

Defendants have failed to unambiguously establish that the amount in controversy exceeds 
$75,000. (Doc. 13). Thus, the issue before the Court is whether the Defendants have met 
their burden of establishing that the amount in controversy exceeds $75,000. 
 III. STANDARD OF REVIEW 
 “Federal Courts are courts of limited jurisdiction. They possess only that power 

authorized by Constitution and statute.” Dudley v. Eli Lilley & Co., 778 F.3d 909, 911 (11th 
Cir. 2014) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 
In fact, in light of their limited jurisdiction, federal courts are “obligated to inquire into 
subject-matter jurisdiction sua sponte whenever it may be lacking.” Charon-Bolero v. Att’y 
Gen., 427 F.3d 954, 956 (11th Cir. 2005). When jurisdiction turns on removal, “federal 
courts are directed to construe removal statutes strictly” and “all doubts about jurisdiction 

should be resolved in favor of remand to state court.” University of South Alabama v. 
American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Moreover, “in evaluating a 
motion to remand, the removing party bears the burden of demonstrating federal 
jurisdiction.” Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing 
Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998)). 

 IV. DISCUSSION 
A. “Other Paper” Standard 
 Because no basis existed for removal within 30 days of service of the Plaintiffs’ 
initial pleading, the Defendants rely on 28 U.S.C. § 1446(b)(3) to support their removal. 
(Doc. 1 at 8). In relevant part, § 1446(b)(3) provides: “if the case stated by the initial 

pleading is not removable, a notice of removal may be filed within 30 days after receipt by 
the defendant, through service or otherwise, of . . . other paper from which it may first be 
ascertained that the case is one which is or has become removable.” When removal is 
based on “other paper,” the defendant must satisfy three elements: “there must be (1) ‘an 
amended pleading, motion, order or other paper,’ which (2) the defendant must have 
received from the plaintiff (or from the court, if the document is an order), and from which 

(3) the defendant can ‘first ascertain’ that federal jurisdiction exists.” Lowery v. Ala. Power 
Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (quoting § 1446(b)). Moreover, in the 
context of § 1446(b)(3) removals, “the documents received by the defendant must contain 
an unambiguous statement that clearly establishes federal jurisdiction.” Id. 
 This heightened standard, requiring the removing party to “unambiguously 
establish” the amount in controversy, differs from the traditional burden associated with 

proving the amount in controversy – preponderance of the evidence. See Exum v. State 
Farm Fire & Cas. Co., 821 F.Supp.2d 1285, 1291 (M.D. Ala. 2011) (finding “[t]he Lowery 
case appears to have elaborated a different and more rigorous burden than the 
preponderance of the evidence burden . . ..”); Allen v. Thomas, 2011 WL 197964, at *5 
(M.D. Ala. 2011) (noting “the ‘unambiguously establishes’ standard and the less rigorous 

preponderance of the evidence standard [are] at odds.”); Advantage Med. Elecs., LLC v. 
Mid-Continent Cas. Co., 2014 WL 1764483, at *5 (S.D. Ala. 2014) (explaining the 
“unambiguously establishes” standard is different and more exacting than the 
preponderance of the evidence burden). 
 Importantly, the “unambiguously establishes” standard applies when a plaintiff files 

a timely motion to remand pursuant to 28 U.S.C. § 1447(c). See Lowery, 483 F.3d at 1213 
n.64. When plaintiffs take such action, as they did here, they are “deemed to be 
‘challenging both the procedural propriety of the removal itself’ as well as ‘whether subject 
matter jurisdiction exists at all.’” Exum, 821 F.Supp.2d at 1292 (quoting Lowery, 483 F.3d 
at 1213 n.64) (emphasis in original). 
B. “Other Paper” Analysis 

 To begin, the Defendants contend in their notice of removal that the Court should 
apply the preponderance of the evidence standard when evaluating whether Plaintiff 
Foster’s damages exceed the jurisdictional threshold of $75,000. (Doc. 1 at 9). However, 
the Defendants appear to later concede, in their response to the motion to remand, that they 
must unambiguously establish the amount in controversy. (Doc. 19 at 3). The Court 
concludes that the “unambiguously establishes” standard of proof applies to the 

Defendants’ removal. 
 Under this heightened standard, Plaintiff Foster’s responses to the Defendants’ 
request for admissions concerning his personal injury damages fail to unambiguously 
establish federal jurisdiction.1 Therefore, the Court concludes that this case must be 
remanded to the Circuit Court of Montgomery County, Alabama. 

 The Defendants assert that they “could not ascertain the damages claimed due to 
injuries sustained [by Plaintiff Foster] until they obtained the interrogatory responses . . . , 
the medical records from the providers, and then finally obtained Foster’s responses to the 
Requests for Admissions which linked the injuries claimed to have been sustained in the 
accident to the actual expense of the medical treatment provided as a result of those 

injuries.” (Doc. 19 at 3) (emphasis in original). In other words, the Defendants 
acknowledge that the case was not removable based on the Plaintiffs’ pleadings, 

1 The Court only addresses whether Plaintiff Foster’s admissions unambiguously establish the minimum 
amount in controversy because it is dispositive of the remand issue. 
interrogatory responses, or billing records obtained from third-party medical providers. (Id. 
at 3-4). According to the Defendants, the case only became removable after Plaintiff 

Foster’s responses to request for admissions provided the link necessary to connect his 
injuries to the cost of medical treatment provided as a result of those injuries. As mentioned 
above, the Defendants rely on the following admissions to satisfy the minimum amount in 
controversy requirement: 
 52. Admit that you are seeking to recover monetary damages 
 in this lawsuit that include expenses for the medical treatment 
 you received from Russell County Community Hospital a/k/a 
 Jack Hughston Memorial Hospital that you claim is 
 attributable to the April 8, 2018 accident at issue. 

 RESPONSE: Plaintiff ADMITS that he seeks to recover 
 expenses incurred pursuant to medical treatment with the 
 aforementioned provider after the subject motor vehicle 
 incident. However, Plaintiff DENIES the portion of this 
 request that seeks to have Plaintiff admit or deny whether 
 the treatment and/or charges are ‘attributable to the April 
 8, 2018 accident at issue.’ Any such request calls for a legal 
 conclusion and an opinion regarding medical causation, 
 neither of which Plaintiff is qualified to give. Lastly, 
 Plaintiff objects as this request invades the province of the 
 jury or trier of fact, which goes against the intent of ARCP 
 36. 
 *** 
 60. Admit that the lumbar fusion you received was performed 
 at Russell County Community Hospital a/k/a Jack Hughston 
 Memorial Hospital and required in-patient hospitalization of at 
 least two nights. 

 RESPONSE: Admitted. 

 61. Admit that you are alleging in this lawsuit that you are 
 continuing to experience physical pain through the present for 
 injuries that you claim are attributable to the April 8, 2018 
 accident at issue. 
RESPONSE: Admit. However, Plaintiff objects to the 
portion of this request that seeks to have Plaintiff admit or 
deny whether Plaintiff’s medical treatment is ‘attributable 
to the April 8, 2018 accident at issue.’ Any such request 
calls for a legal conclusion and an opinion regarding 
medical causation, neither of which Plaintiff is qualified to 
give. Lastly, Plaintiff objects as this request invades the 
province of the jury or trier of fact, which goes against the 
intent of ARCP 36. 

62. Admit that you are alleging in this lawsuit that you are 
continuing to experience physical limitations due to injuries 
that you claim are attributable to the April 8, 2018 accident at 
issue. 

RESPONSE: Admit. However, Plaintiff objects to the 
portion of this request that seeks to have Plaintiff admit or 
deny whether Plaintiff’s medical treatment is ‘attributable 
to the April 8, 2018 accident at issue.’ Any such request 
calls for a legal conclusion and an opinion regarding 
medical causation, neither of which Plaintiff is qualified to 
give. Lastly, Plaintiff objects as this request invades the 
province of the jury or trier of fact, which goes against the 
intent of ARCP 36. 
 *** 
66. Admit that you are alleging in this lawsuit that you continue 
to seek care for mental health symptoms that you claim are 
attributable to the April 8, 2018 accident at issue in this lawsuit. 

RESPONSE: Admit. However, Plaintiff objects to the 
portion of this request that seeks to have Plaintiff admit or 
deny whether Plaintiff’s medical treatment is ‘attributable 
to the April 8, 2018 accident at issue.’ Any such request 
calls for a legal conclusion and an opinion regarding 
medical causation, neither of which Plaintiff is qualified to 
give. Lastly, Plaintiff objects as this request invades the 
province of the jury or trier of fact, which goes against the 
intent of ARCP 36. 
 *** 
68. Admit that you are alleging in this lawsuit that you are 
continuing to lose wages as a result of the April 8, 2018 
accident at issue. 
 RESPONSE: Admit. However, Plaintiff objects to the 
 portion of this request that seeks to have Plaintiff admit or 
 deny whether Plaintiff’s lost wage claim is ‘attributable to 
 the April 8, 2018 accident at issue.’ Any such request calls 
 for a legal conclusion and an opinion regarding medical 
 causation, neither of which Plaintiff is qualified to give. 
 Lastly, Plaintiff objects as this request invades the province 
 of the jury or trier of fact, which goes against the intent of 
 ARCP 36. 

(Doc. 1-8 at 18-22). These admissions, taken together, fail to unambiguously establish the 
minimum amount in controversy. 
 First, none of the admissions that the Defendants rely upon provide a concrete 
assessment of Plaintiff Foster’s damages. Plaintiff Foster simply admits to undergoing a 
lumbar fusion surgery at Russell County Community Hospital, continuing to experience 
physical pain, continuing to seek treatment for mental health care, and continuing to lose 
wages. Nowhere in these admissions does Plaintiff Foster quantify the value of the medical 
treatment he received, wages he is continuing to lose, or severity of his physical and 
psychological impairments. Contrary to the Defendants’ assertions, the only concrete 
amount Plaintiff Foster admits to seeking is approximately $18,680.00 in property damage. 
(Id. at 23). This figure does not satisfy the amount in controversy requirement. See Simpson 
v. Primerica Life Ins. Co., 2017 WL 2857699 at *7 (M.D. Ala. 2017) (finding that 
plaintiffs’ admission to seeking $21,456.77 in compensatory damages failed to 
unambiguously establish the minimum amount in controversy). 
 Moreover, even applying “reasonable deductions, reasonable inferences, or other 
reasonable extrapolations” to Plaintiff Foster’s admissions, the Court cannot determine that 
the admissions unambiguously establish the amount in controversy. Pretka v. Kolter City 
Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). To find otherwise, the Court “would 
necessarily need to engage in impermissible speculation.” Lowery, 483 F.3d at 1220; see 

also Cameron v. Teeberry Logistics, LLC, 920 F.Supp.2d 1309 (N.D. Ga. 2013) (finding 
that the plaintiff’s discovery responses indicating that she had $62,432.45 in medical 
expenses and sought over seven months of lost wages did not unambiguously establish the 
amount in controversy). At best, Plaintiff Foster’s admissions create uncertainty about the 
amount in controversy and “where plaintiff and defendant clash about jurisdiction, 
uncertainties are resolved in favor of remand.” Burns v. Windsor Ins. Co., 31 F.3d 1092, 

1095 (11th Cir. 1994). 
 Next, in their notice of removal, the Defendants contend that Plaintiff Foster has 
incurred approximately $112,401.37 in medical bills associated with the motor vehicle 
accident that gave rise to this lawsuit. (Doc. 1 at 6). For example, the Defendants highlight 
a $55,970.80 medical bill stemming from Plaintiff Foster’s lower lumbar fusion and two-

night hospitalization at Russell County Community Hospital. (Id.). While these medical 
bills appear to satisfy the minimum amount in controversy, the Defendants obtained such 
information from medical providers via third-party subpoenas, not Plaintiff Foster himself. 
Thus, the Defendants may not rely on, nor may the Court consider, the medical bills for 
purposes of satisfying the amount in controversy. Doing so would violate the “receipt from 

the plaintiff” rule. See Pretka, 608 F.3d at 761 (holding, in the context of § 1443(b)(3) 
removals, that “[t]he traditional rule is that only a voluntary act by the plaintiff may convert 
a non-removable case into a removable one.”); see also Sallee v. Ford Motor Co., 2014 
WL 1492874, at *5 (M.D. Ala. 2014) (finding that the “receipt from the plaintiff” rule 
applied in § 1443(b)(3) removals). While Plaintiff Foster, in response to the request for 
admissions, admits that he seeks monetary damages for medical treatment he received after 

the car accident, his admissions do not fully incorporate the medical bills or the information 
contained therein such that the court can conclude that the requisite amount in controversy 
is unambiguously established. 
 Lastly, the Defendants cite Ingram v. Hobby Lobby Stores, Inc., 2019 WL 3346483 
(M.D. Ala. July 25, 2019) to support their removal claim. That case is readily 
distinguishable. In Ingram, this Court found that the plaintiff’s pre-suit demand letter 

unambiguously established that the amount in controversy exceeded $75,000. Id. at 2. 
There, the pre-suit demand letter “set forth in detail [the plaintiff’s] injuries, treatment, 
medications, medical procedures, medical expenses, and damages.” Id. at 3. Further, the 
pre-suit demand letter “meticulously explain[ed] the nature of [the plaintiff’s] injuries, her 
treatment, and how her injuries would support damages in the amount of $185,000.” Id. 

Accordingly, the Court denied the plaintiff’s motion to remand, concluding that “[t]he 
comprehensive description of injuries, medical treatment and damages moves this case 
from the realm of puffery and posturing into a concrete assessment of damages.” Id. 
 Unlike Ingram, the instant case does not involve a pre-suit demand letter that 
scrupulously outlines Plaintiff Foster’s damages. Rather, the admissions relied upon by 

the Defendants only reveal that Plaintiff Foster underwent a medical procedure at Russell 
County Community Hospital, continues to experience physical and mental limitations, and 
continues to lose wages. Such general admissions stop short of “meticulously explain[ing] 
the nature of [his] injuries, [his] treatment, and how [his] injuries would support damages 
. . ..” Id. Further distinguishing the present case from Ingram is the fact that Plaintiff Foster 
made no specific demand concerning his damages. Thus, absent a greater degree of 

specificity, the Court cannot conclude that the admissions unambiguously establish the 
minimum jurisdictional amount. 
 V. CONCLUSION 
 Accordingly, because Plaintiff Foster’s admissions fail to unambiguously establish 
that the amount in controversy exceeds $75,000, it is 
 ORDERED that the Plaintiff’s Motion to Remand the case to the Circuit Court of 

Montgomery County (doc. 13) is hereby GRANTED. 
 The Clerk of the Court is DIRECTED to take the action necessary to accomplish 
the remand of this case to the Circuit Court of Montgomery County, Alabama. 
 DONE this 24th day of January, 2020. 

 /s/Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE